UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAROLD A. CROZIN,

    Plaintiff,                               Case No. 2:10-cv-581
                                               **JUDGE GREGORY L. FROST**
    v.                                        **Magistrate Judge Mark R. Abel**

CROWN APPRAISAL GROUP, Inc., et al.,

    Defendants.


JOHN DOHERTY, et al.,

    Plaintiffs,                              Case No. 2:10-cv-764
                                              **JUDGE GREGORY L. FROST**
    v.                                        **Magistrate Judge Mark R. Abel**

CROWN APPRAISAL GROUP, Inc., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon the filing of Plaintiffs' Amended Motion to Voluntarily Dismiss Certain Plaintiffs (ECF No.143 in Case No. 2:10-cv-764),[1] filed on January 4, 2012. The Motion asks the Court to dismiss numerous plaintiffs from the action under Federal Rules of Civil Procedure 15 and 21. Defendants oppose the Plaintiffs' Motion. (ECF No. 145.) For the reasons that follow, this Court **GRANTS** the Plaintiffs' Motion.

---

[1] All ECF citations refer to the docket in Case No. 2:10-cv-764 unless otherwise indicated.

## I. Background

Plaintiffs in Case No. 2:10-cv-764 (the "Doherty Plaintiffs") consist of 29 limited liability companies, two persons in their capacity as trustees of a 401(k) plan, and 36 individuals. (ECF No. 1.) The Defendants are professional real estate appraisers, whom the Doherty Plaintiffs allege to have overstated substantially the value of certain investment property. (*Id.*)

On January 3, 2012, the Doherty Plaintiffs moved under Fed. R. Civ. P. 41(a)(2) to dismiss 22 of them from the lawsuit. (ECF No. 141.)[2] This Court denied the Motion the following day, noting that Rule 41 was not the proper vehicle to dismiss less than the entirety of an action. (ECF No. 142.) In response to this Court's denying their Rule 41 motion, the Plaintiffs immediately filed an "Amended Motion" for voluntary dismissal of the same 22 plaintiffs under Fed. R. Civ. P. 15 and 21. (ECF No. 143.) In support of their Motion, the Doherty Plaintiffs say that the elimination of 22 of them from this lawsuit "will make the litigation much more cost efficient than at present and will not have any material impact on the outcome of this litigation." (*Id.* at 1.)

Defendants filed a Memorandum in Opposition to the Plaintiffs' Motion on January 6, 2012. (ECF No. 145.) Defendants contend that the voluntary dismissal of certain of the Doherty Plaintiffs would prejudice them in such a way that the "ends of justice" cut against dropping them from the case. (*Id.* at 5-10.) Alternatively, in the event that this Court grants the Plaintiffs'

---

[2]These 22 Plaintiffs consist of 11 limited liability companies (I.P. of A. Columbus Works 1, I.P. of A. Columbus Works 7, I.P. of A. Columbus Works 8, I.P. of A. Columbus Works 11, I.P. of A. Columbus Works 15, I.P. of A. Columbus Works 24, I.P. of A. Columbus Works 27, I.P. of A. Columbus Works 28, I.P. of A. Columbus Works 29, I.P. of A. Columbus Works 30, and I.P. of A. Columbus Works 32) and 11 individuals (James Burgey, John Doherty, Jane Kashiwa-Li, Michael Jenkins, Ken Grady, George Buckle, Linda Campbell, Dennis Nichole, Mary Nichole, Kathleen Sanchez, and Dogan Ugyur).

Motion, Defendants ask that this Court impose a number of conditions on the dismissal, including imposing sanctions upon the Doherty Plaintiffs and their counsel. (*Id.* at 10.)

## II. Discussion

The Doherty Plaintiffs seek to drop several of them as parties to the lawsuit, which necessarily results in an amendment to their complaint in this action. Fed. R. Civ. P. 21 affords district courts wide discretion to add or drop parties from an action on motion of a party or *sua sponte*. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d 633, 636 (6th Cir. 2008). Similarly, district courts have broad discretion to allow amendment of pleadings under Fed. R. Civ. P. 15(a). *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

### A. The Propriety of Dismissing the 22 Doherty Plaintiffs

Defendants urge denial of the Plaintiffs' Motion, arguing that they would suffer "plain prejudice" if the 22 Doherty Plaintiffs are dismissed from this case. Defendants harken to the Rule 41(a)(2) factors that a court considers in evaluating prejudice, namely (1) the amount of time, effort and expense the defendants have incurred in trial preparation; (2) any excessive delay and lack of diligence by the plaintiffs in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether defendants have filed a motion for summary judgment. *Powell v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-979, 2008 U.S. Dist. LEXIS 56991, at *9-10 (S.D. Ohio July 22, 2008) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Defendants contend that these factors militate against allowing dismissal of the Doherty Plaintiffs identified in the Motion. In particular, Defendants emphasize the length of time this


case has been pending, the closure of discovery and existence of a trial date, the lack of an explanation for seeking the dismissal, and the purported "bad faith, dilatory and obstreperous behavior" by the Doherty Plaintiffs in this litigation. (ECF No. 145, at 8-9.) As to the last point, the Defendants argue that the Doherty Plaintiffs are simply trying to avoid discovery sanctions against them by dismissing named Plaintiffs who have balked at having their depositions taken by the Defendants. (*Id.* at 4, 8.)

This Court does not find the Defendants' arguments to be persuasive in this matter. Even assuming that the aforementioned Rule 41(a)(2) factors for examining prejudice to Defendants are applicable to a dismissal of plaintiffs under Rule 21 and/or Rule 15(a), the cases relied upon by the Defendants have in common an important distinguishing factor. In every case Defendants use as a comparator for prejudice purposes, the voluntary dismissal would have disposed of the *entire case*. This is a significant distinction, as the prejudice inquiry under Rule 41(a)(2) is designed to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action. *See Hartford Acc. & Indemn. Co. v. Costa Lines Cargo Servs.*, 903 F.2d 352, 360 (5th Cir. 1990) ("Important in assessing prejudice is the stage at which the motion to dismiss is made. Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."). There is no such prejudice component here, however, as the Doherty Plaintiffs do not seek dismissal of the entire action.[3]

---

[3]Indeed, if they did, such a motion would have been the proper subject of a Rule 41(a)(2) dismissal. As this Court already indicated, Plaintiffs could not use Rule 41(a)(2) to dismiss less than the entire action. (ECF No. 142.)

The fact that the Doherty Plaintiffs seek only a dismissal of certain Plaintiffs from the lawsuit makes the Defendants' prejudice argument less robust. Dismissing the 22 Doherty Plaintiffs who are asking out of this lawsuit does not mean that the Defendants' time and effort have gone for nought. The action remains pending, with summary judgment motions remaining to be decided and a potential trial still scheduled.

Also unavailing is the Defendants' complaint that the 22 Doherty Plaintiffs are dismissing their claims solely to avoid discovery sanctions and to avoid sitting for their depositions. If Plaintiffs have engaged in sanctionable conduct during discovery, they cannot escape sanctions for that conduct by voluntarily dismissing themselves from the lawsuit. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-94 (1990).

In *Cooter & Gell*, the United States Supreme Court held that a district court retained the power to impose sanctions under Fed. R. Civ. P. 11 even after a plaintiff obtained a voluntary dismissal under Rule 41(a)(1)(i). The Court held that the imposition of a Rule 11 sanction concerns a "collateral issue" over which the district court retains jurisdiction, even if the underlying action has been dismissed voluntarily. *Id.* at 395. This reasoning applies with equal force to discovery sanctions. *Cf. Heinrichs v. Marshall & Stevens, Inc.*, 921 F.2d 418, 421 (2d Cir. 1990) (applying *Cooter & Gell* to hold that a court may impose Rule 37 discovery sanctions against a plaintiff following a dismissal upon a grant of summary judgment under Rule 56). Thus, to the extent that the Defendants' outstanding motion to compel and for sanctions (ECF No. 137) has merit, the Doherty Plaintiffs are not entitled to avoid discovery sanctions based on their pre-dismissal conduct. *See Kincaid v. Sturdevant*, 68 Fed. R. Serv. 3d 1609 (D. Kan. 2007). The dismissed Doherty Plaintiffs will have to face the music for the sanctionable conduct (if any)

in which they have engaged.

Moreover, the Court does not find persuasive the Defendants' contention that dismissal of the 22 Doherty Plaintiffs will somehow insulate them from having to be deposed in this case (should Defendants still seek to take their depositions). Even assuming that previously issued notices of deposition for any of these plaintiffs would no longer be effective if these plaintiffs are no longer parties (a proposition this Court need not decide at this juncture), Defendants remain free to subpoena these persons or entities for non-party discovery under Rules 30 and 45. Thus, the Defendants' premise that the dismissed Doherty Plaintiffs can avoid discovery simply by virtue of being non-parties is incorrect.

Finally, Defendants argue that the Doherty Plaintiffs are hoping to "avoid a complete judgment on the merits" by dropping 22 of them as parties, a factor that should work against allowing their requested dismissal. The Court is not persuaded by this argument. Defendants' argument is but a different way of saying they are prejudiced by the Doherty Plaintiffs' requested dismissal because they might face the prospect of another lawsuit by the dismissed Doherty Plaintiffs after this action is concluded. Even in the Rule 41(a)(2) context, however, the mere prospect of a second lawsuit is not the sort of prejudice that forestalls allowing voluntary dismissal. *Grover*, 33 F.3d at 718. Defendants have not identified a reason why this principle should be any different when plaintiffs seek to drop parties from a lawsuit under Rule 21 and/or Rule 15.

### B. Conditions on the Dismissal Are Not Warranted.

As alternative relief, Defendants ask this Court to impose conditions upon the Doherty Plaintiffs' ability to dismiss the 22 of them identified in their Motion. The Defendants ask this

Court for (1) dismissal of the 22 Doherty Plaintiffs' claims *with* prejudice, (2) sanctions against the Doherty Plaintiffs and an order for them to pay Defendants' attorneys' fees and costs in pursuing the claims against them, (3) continuance of the case management dates for 60 days, and (4) the ubiquitous "other relief deemed appropriate by the Court."  (ECF No. 145, at 10.)

This Court finds none of the relief proposed by the Defendants to be appropriate in this instance.  Having found no real prejudice occasioned by a dismissal of the 22 Doherty Plaintiffs, this Court finds no reason to condition their dismissal, particularly under the onerous terms that Defendants demand.  And specifically with regard to the Defendants' request for sanctions, attorneys' fees, and a continuance of case management deadlines, the Court deems these proposed conditions to be more in the nature of affirmative relief that is more appropriately sought (if at all) by motions seeking that relief.

### III.  Conclusion

For the reasons set forth above, this Court **GRANTS** the Doherty Plaintiffs' Motion to Voluntarily Dismiss Certain Plaintiffs (ECF No. 143).  The following Doherty Plaintiffs are dropped as parties in this action:

1. James Burgey, individually;
2. I.P. of A. Columbus Works 1, LLC;
3. I.P. of A. Columbus Works 8, LLC;
4. I.P. of A. Columbus Works 15, LLC;
5. John Doherty, individually;
6. I.P. of A. Columbus Works 7, LLC;
7. Jane Kashiwa-Li, individually;

8. I.P. of A. Columbus Works 11, LLC;

9. Michael Jenkins, individually;

10. I.P. of A. Columbus Works 24, LLC;

11. Ken Grady, individually;

12. I.P. of A. Columbus Works 27, LLC;

13. George Buckle, individually;

14. I.P. of A. Columbus Works 28, LLC;

15. Linda Campbell, individually;

16. I.P. of A. Columbus Works 29, LLC;

17. Dennis Nichole, individually;

18. Mary Nichole, individually;

19. I.P. of A. Columbus Works 30, LLC;

20. Kathleen Sanchez, individually;

21. I.P. of A. Columbus Works 32, LLC; and

22. Dogan Uygar, individually.

The claims of these Doherty Plaintiffs are dismissed without prejudice.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE