IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Doherty, *et al.*,  :

    Plaintiffs,  :  Civil Action 2:10-cv-764

v.  :  Judge Frost

Crown Appraisal Group, Inc., *et al.*,  :  Magistrate Judge Abel

    Defendants.  :

## ORDER

This matter is before the Court pursuant to Plaintiffs' "Motion for Sanctions for Spoliation of Evidence" (Doc. 129). Plaintiffs request, pursuant to Fed. R. Civ. P. 37, that the Court sanction Defendants for spoliation of material evidence.

The Court notes at the outset that no party to this action is proceeding *in propria persona*. Nevertheless, Defendants repeatedly characterize Plaintiffs' arguments as the positions of "Mr. Long". *See, e.g.*, Doc. 132 at 6 ("Mr. Long's motion for sanctions is… long on wild accusations"); 9 ("[i]n the past, Mr. Long has tried to minimize this production… [l]est the Court be misled by Mr. Long and the Doherty Plaintiffs"). Plaintiffs likewise repeatedly characterize Defendants' arguments as the positions of "Attorney Heffernan". *See, e.g.*, Doc. 134 at 6 ("[i]n an effort to dodge one bullet attorney Heffernan steps directly into the path of another"); 7 ("[a]s is all too often the case with Attorney Heffernan arguments, this one is not related to the facts of the case but rather a regrettable attempt to deceive

1

the court"; "Attorney Heffernan['s] suggestion that the document was a 'draft' is much like his position that the defendants have produced copies of emails, a total fiction".

All counsel to this action are advised of the Introductory Statement on Civility accompanying the Local Rules of the Southern District of Ohio, which states in part:

> In everyday life most people accord each other common courtesies. Ordinarily these include: politeness in conversation, respect for others' time and schedules, and an attitude of cooperation and truthfulness. Involvement in the legal system does not diminish the desirability of such conduct. A litigant opposing your client, a lawyer who represents that litigant, or a Judge who decides an issue, has not thereby forfeited the right to be treated with common courtesy.

Defendants (who comprise Crown Appraisal Group, Inc. ("Crown") and two of its employees) were hired by nonparty Investment Properties of America ("IPA") in July 2004 to perform an appraisal of a commercial property located in Columbus and known as the Columbus Works. They performed several appraisals between July 2004 and January 2007. IPA included a March 2005 Columbus Works appraisal in a private placement memorandum, which it supplied to Plaintiffs. Plaintiffs allege in this action that they were induced in part by Defendants' appraisal to invest in the Columbus Works, and that this appraisal significantly overstated the value of the property.

Two IPA officers, Edward Okun and Lara Coleman, were indicted on wire fraud charges by the United States Attorney in Richmond in June 2007. IPA, and Okun, filed bankruptcy in October 2007, and in June 2008 Defendant Steve Bolton

was deposed in connection with this proceeding. Finally, in June 2009, Plaintiffs' counsel formally advised Defendants of their claims that the March 2005 appraisal was negligently performed, and that they intended to bring suit.

Under Ohio law, actionable spoliation of evidence exists where there are:

> (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts.

*Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993). *See also Hoffman v. CSX Transp., Inc.*, 2006 WL 38954 at *3 (S.D. Ohio Jan. 5, 2006). In their motion for sanctions, Plaintiffs allege that "Defendants failed in their collective duty to preserve essential evidence regarding Defendants communications with and instructions from Investment Properties of America (IPofA)." (Doc. 129 at 1.)

It is, to begin with, not precisely clear what evidence Plaintiffs allege Defendants failed to preserve. In their motion, Plaintiffs stated that they had served requests for: (1) the production of correspondence amongst Defendants, IPA, Okun, Coleman, and any other employees of IPA; (2) correspondence between Defendants and any of the lenders for the Columbus Works; (3) correspondence between Defendants and any person who participated in the preparation or distribution of the private placement memorandum; (4) any documents, notes, analysis, research, or references used by Defendants in connection with the preparation of the various appraisals; and (5) statements or invoices issued by Defendants to IPA or any other person for the appraisals. (Doc. 129 at 10.)

3

However, they maintained, "[t]he defendants were unable to produce **any** documents or materials that were responsive to these requests." (*Id.*, emphasis in original.) They implied that these documents were destroyed both in violation of Ohio statutory duties and obligations to preserve evidence in anticipation of litigation.

In their memorandum contra, Defendants rejoined that any email correspondence in the first category was routinely deleted long before the inception of this litigation, that there are no documents in the second or third categories because they never entered into any such communications, and that they had already produced on CD "voluminous documents" responsive to the fourth category.[1] Plaintiffs filed a reply memorandum detailing "an overview of what is missing", although they noted that it "is not the complete list of things that the defendants should have retained in their files but instead destroyed." (Doc. 134 at 1-2.) In a proposed surreply, Defendants would rebut this list, arguing that they had produced documents responsive to each item, and that any perceived deficiencies in their production were insufficient to support a claim of spoliation.[2] (Doc. 136.)

It is difficult to reconcile Plaintiffs' claim that "defendants were unable to produce **any** documents or materials" responsive to their requests with their later, more detailed, assertions that, *e.g.*, "Crown could only produce two engagement

---

[1] Defendants did not, in their memorandum contra, address the question of invoices.

[2] The motion for leave to file a sur-reply (Doc. 136) is **GRANTED**.

letters... the defendants only produced the March 18, 2005 appraisal... the defendants only produced six appraisal documents... Crown was only able to produce three invoices." (Doc. 134 at 2.) In light of such a substantial disparity between Plaintiffs' dramatic claims of wholesale spoliation and specific complaints of incomplete production, the Court has an inadequate foundation upon which to find that Defendants willfully destroyed certain evidence in order to disrupt Plaintiffs' case. Plaintiffs' briefs also do not effectively refute Defendants' assertions that they produced on CD a considerable volume of work papers from the preparation of their appraisals. *Compare* Doc. 132 at 11, Doc. 134 at 2, Doc. 136 at 9.

The parties are in agreement that certain email correspondence between Crown and IPA may have been deleted. Bolton testified at a September 2009 deposition (in a proceeding to foreclose on the Columbus Works) that his company routinely deleted old email to free server space, and that it had no document retention policy. When questioned whether any emails might have existed at the time of an earlier June 2008 deposition that no longer existed by September 2009, Bolton stated that he did not think there were. (Doc. 132 at 7-8.) According to Defendants, this demonstrates that "electronic versions of the correspondence between Crown and IpofA were deleted prior to June 2008", *i.e.*, before Plaintiffs' June 2009 letter threatening litigation. Plaintiffs, however, argue:

> Not surprisingly the defendants do not offer any explanation as to when their paper and electronic files were cleansed of Columbus Works records or who undertook that task. This is a remarkable failure in a motion for

sanctions based on their destruction of evidence. There are at least three events that occur prior to the June 2008 Bolton deposition which would have put the Crown defendants on notice that their hyper inflated valuation of the property was going to come back and haunt them. First, Okun and Coleman were indicted in June 2007. Second, the IpofA/Okun bankruptcy filing was in October 2007. Third, Cordel filed the Foreclosure action in March 2008. Any one of these events would have sent the defendants running for the file cabinets looking to dispose of incriminating material.

(Doc. 134 at 8.)

The applicable standard is that a defendant has a duty to preserve evidence when it has "knowledge... that litigation exists or is probable". Despite Plaintiffs' dramatic rhetoric, they have put forward no basis to conclude that Defendants had any involvement in, or were even aware of, these events prior to Bolton's June 2008 deposition in Okun's bankruptcy, let alone that they should have concluded that they would soon be sued. Plaintiffs also suggest that, more generally, "[o]nce the defendants prepared the March 2005 appraisal which overstated the value of the property... they were on notice that their negligence would likely cause harm." (Doc. 134 at 5.) This reasoning is circular to the point of flippancy.

Finally, Plaintiffs argue that none of Defendants' records or communications pertaining to the Columbus Works appraisals should have been destroyed by June 2008, because Ohio Revised Code §4763.14 imposes a five-year records retention requirement. This statute provides:

> A person licensed, registered, or certified under this chapter shall retain for a period of five years the original or a true copy of each written contract for the person's services relating to real estate appraisal work, all appraisal reports, and all work file documentation and data assembled in preparing those reports. The retention period begins on the date the

6

appraisal is submitted to the client unless, prior to expiration of the retention period, the certificate holder, registrant, or licensee is notified that the appraisal or report is the subject of or is otherwise involved in pending litigation, in which case the retention period begins on the date of final disposition of the litigation.

A certificate holder, registrant, and a licensee shall make available all records required to be maintained under this section for inspection and copying by the superintendent of real estate or the real estate appraiser board, or both, upon reasonable notice to the certificate holder, registrant, or licensee.

Plaintiffs argue that either Defendants failed to comply with their statutory obligations, which "is additional evidence of their negligence in this case", or, which they represent "is far more likely", Defendants did comply with their obligations, the records still existed in June 2008, and they were subsequently destroyed to frustrate litigation. (Doc. 134 at 6-7.)

The statute Plaintiffs cite imposes an obligation upon persons licensed to perform real estate appraisals in Ohio. It provides that an appraiser will be answerable to the Ohio Real Estate Appraiser Board for failure to abide by it. O.R.C. §4763.11(G)(14). It does not establish a private right of action. Plaintiffs may argue, if they wish, that Defendants have failed to comply with §4763.14, and that their failure to do so should be taken as evidence that they committed malpractice or otherwise acted unprofessionally. Defendants may argue in response, as they have done here, that this statute does not require retention of emails.[3]

---

[3] No Ohio court appears to have addressed the question of whether §4763.14 requires the retention of emails for five years.

The existence of this statute, however, adds nothing to the question of spoliation here.  Bolton testified in September 2009 that he did not think that any additional emails had been deleted between June 2008 and September 2009.  Plaintiffs have not carried their burden of demonstrating that Defendants knew or should have known in June 2007, October 2007, or March 2008 that litigation against them existed or was probable, such that any subsequent deletion of emails must have been willful destruction of evidence designed to disrupt Plaintiffs' case.  Their arguments concerning documents other than emails, upon further examination, are not, as they initially stated, that Defendants "destroyed or deleted almost all of their records pertaining to the Columbus Works appraisals", but rather that the remaining records were incomplete or missing documents which professional appraisers should have created and maintained.

If Plaintiffs have some good-faith basis for a contention that Defendants actually possess other documents which they have failed to produce, they have other remedies.  If Defendants attempt to use at trial some document they previously failed to produce, Plaintiffs may move to exclude it.  If Plaintiffs wish to argue that Defendants acted unprofessionally in not retaining or never creating certain records, they may present this claim to the finder of fact.  However, they have made an inadequate showing here that Defendants committed spoliation.  The motion for sanctions (Doc. 129) is **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen

8

(14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge