# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HAROLD A. CROZIN,

    Plaintiff,                                   Case No. 2:10-cv-581
                                             **JUDGE GREGORY L. FROST**
    v.                                          **Magistrate Judge Mark R. Abel**

CROWN APPRAISAL GROUP, Inc., et al.,

    Defendants.


JOHN DOHERTY, et al.,

    Plaintiffs,                                Case No. 2:10-cv-764
                                             **JUDGE GREGORY L. FROST**
    v.                                          **Magistrate Judge Mark R. Abel**

CROWN APPRAISAL GROUP, Inc., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon the Plaintiffs' Motion for Reconsideration of the Magistrate's Order on the Defendants' Motion to Compel Depositions (ECF No. 118), Plaintiffs' Motion for Reconsideration of the Magistrate's Order on the Defendants' Motion for Protective Order (ECF No. 124), and Defendants' Third Motion to Compel Various Plaintiffs' Compliance with Court Orders, for Sanctions, and for an Extension of Time (ECF No. 137). As set forth in more detail below, the Plaintiffs' Motions for Reconsideration are both **DENIED** and the Defendants' Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**

## I. Background

The current motions before the Court have their genesis in an Order entered on June 20, 2011, in which the Court granted in part the Defendants' motion to compel the depositions of certain Plaintiffs. (ECF No. 99.) This Court's Order stated:

> With regard to Defendants' request to compel the depositions of the Doherty Plaintiffs, the Court finds that request well-taken with the caveat that the depositions must be in compliance with the Federal Rules of Civil Procedure. That is, this Court by this Opinion and Order is not making any expansion to the Federal Rules. . . . Accordingly, the Court GRANTS Defendants' Motion as it relates to their request to order the Doherty Plaintiffs to comply with the Court's Preliminary Pretrial Order and its Scheduling Order and to compel the depositions of the Doherty Plaintiffs to the extent the requests comply with the Federal Rules of Civil Procedure.

(*Id.* at 4-5.)

On September 15, 2011, the Magistrate Judge granted a motion to compel depositions of the Doherty Plaintiffs and required those plaintiffs to submit to deposition within 30 days of the Magistrate's Order. (ECF No. 114.) The Magistrate's Order also awarded sanctions against the Doherty Plaintiffs, noting that their failure to submit to deposition up to that time "was not substantially justified." (*Id.,* at 3.)

Plaintiffs moved to reconsider that Order (ECF No. 118) and also moved for a protective order (ECF No. 119). In both motions, the Doherty Plaintiffs asked that their depositions be taken by telephone, that Defendants provide copies of the deposition transcripts to them free of charge, and that Defendants bear the legal fees incurred with taking the depositions, without charging those fees against their insurance policy. (ECF Nos. 118 and 119.) The Magistrate Judge denied the Motion for Protective Order for the most part and the Doherty Plaintiffs have

moved this Court for reconsideration. (ECF Nos. 123, 124.)[1]

Some, but not all, of the Doherty Plaintiffs appeared for depositions, prompting Defendants to file a Motion to Compel. (ECF No. 137.) Defendants stated that Plaintiffs' counsel advised them that 11 remaining deponents would not appear for depositions. (*Id.*) Defendants' Motion does not seek to "compel" the deposition of these Doherty Plaintiffs, but, rather, seeks sanctions against them for their failure to abide by this Court's previous order compelling their depositions.

In opposing the "Motion to Compel," the Doherty Plaintiffs stated that they had advised Defendants that the 11 remaining deponents were being dropped as parties to the suit, thereby rendering their depositions unwarranted. (ECF No. 140.) Plaintiffs moved for voluntary dismissal of these 11 deponents, which this Court ultimately granted over the Defendants' opposition. (ECF Nos. 141, 145, 164.) Accordingly, the 11 Doherty Plaintiffs who did not submit to deposition are no longer parties to this action. (ECF No. 164.)

## II. Discussion

The motions for reconsideration now before the Court (ECF Nos. 118 and 124) arise out of the failure of certain Doherty Plaintiffs to appear for their noticed depositions. But as to the 11 Doherty Plaintiffs who remain undeposed, the notices are no longer a valid means of securing their appearance for deposition. *Compare* Fed. R. Civ. P. 30(a)(1) (noting that a deponent's attendance may be compelled by subpoena) *with* Fed. R. Civ. P. 37(d)(1)(A)(i) (providing that a

---

[1]In denying the Motion for Protective Order, the Magistrate Judge largely rejected Plaintiffs' arguments as having been already raised and rejected previously. (ECF No. 123.) The Magistrate Judge agreed, however, that the Doherty Plaintiffs' depositions "must be scheduled in a consecutive manner instead of the staggered manner set out in the [deposition] notices." (*Id.*)

party may be sanctioned for failing to appear for a properly noticed deposition). Thus, insofar as the 11 Doherty Plaintiffs are no longer parties to the action, there are no operative notices compelling their appearance. Indeed, this Court's previous Order ordered these Plaintiffs to comply with the deposition notices "to the extent" they were required to do so under the Federal Rules of Civil Procedure. (ECF No. 99, at 4.) Accordingly, the Doherty Plaintiffs' motions for reconsideration are moot to the extent they challenge the Magistrate Judge's order with respect to its provision compelling the Doherty Plaintiffs to submit to deposition.

The Magistrate Judge's Order with respect to sanctions (ECF No. 114, at 2-3) is a different matter. The dismissal of the various Doherty Plaintiffs from this action does not render moot the motion to reconsider the Magistrate Judge's imposition of sanctions. As this Court has already indicated in a previous Order, the Doherty Plaintiffs cannot escape sanctions for discovery conduct that took place prior to their dismissal from the case. (ECF No. 164, at 5-6.)

This Court agrees with the Magistrate Judge that the Doherty Plaintiffs' failure to submit to deposition before their dismissal from the case was not substantially justified. (*See* ECF No. 114, at 3.) Thus, this Court denies the Doherty Plaintiffs' Motion for Reconsideration as to the sanctions component of the September 15, 2011 discovery order. The Magistrate Judge's imposition of sanctions against the Doherty Plaintiffs was and remains proper.

For similar reasons, this Court finds merit in the Defendants' Motion to Compel (ECF No. 137). As an initial matter, the Court observes that Defendants' "Motion to Compel" is more appropriately styled as a Motion for Sanctions under Fed. R. Civ. P. 37. Defendants do not actually seek to "compel" depositions of the 11 Doherty Plaintiffs who did not submit to deposition. Rather, Defendants are asking this Court to impose sanctions against the Doherty

4

Plaintiffs for failing to make all of them available for deposition before the December 17, 2011 discovery deadline. Defendants ask for a slew of sanctions against the Doherty Plaintiffs and their counsel, including dismissal of their claims with prejudice and an order to pay Defendants "the entirety of the attorney fees it has incurred in pursuing these depositions." (ECF No. 137, at 11.) Thus, this Court construes Defendants' "Motion to Compel" as a Motion for Sanctions.

The Court finds that sanctions are appropriate in this matter. The Doherty Plaintiffs' resistance to the deposition notices served upon them seems to be rooted in the premise that deposing all Doherty Plaintiffs is a waste of time and money and that Defendants are somehow at fault for "creating" this discovery dispute due to their insistence that they be able to depose all of them. While the Court does not doubt that the Doherty Plaintiffs subjectively believe that taking all of their depositions is unnecessary, the Court is also puzzled by the notion that this belief can somehow insulate them from being required to comply with the Federal Rules of Civil Procedure and this Court's previous Order.

Regardless of the spin that the Doherty Plaintiffs might place on the necessity of their depositions in this case, the bottom line is that the Doherty Plaintiffs who were noticed for deposition while parties to the lawsuit were obligated to appear for deposition. Indeed, this Court already ordered the Doherty Plaintiffs to appear for deposition in accordance with the Federal Rules of Civil Procedure. The Doherty Plaintiffs come forward with no justification under the Rules as to why they should have been excused from appearing — rather, it appears from the record before this Court that some of the Doherty Plaintiffs simply refused to appear for properly noticed depositions because they unilaterally deemed them to be unnecessary.

The Defendants' motion for sanctions (ECF No. 137) is therefore **GRANTED IN PART**

5

**AND DENIED IN PART.** The Court declines to impose the sanctions requested by Defendants. The Court will, however, grant Defendants' motion to the extent that it **ORDERS** the Doherty Plaintiffs under Fed. R. Civ. P. 37(b)(2)(C) to pay the reasonable expenses, including attorneys' fees, caused by the Doherty Plaintiffs who failed to comply with this Court's Order compelling their appearance for depositions while they were parties to this case.

The Defendants' Motion also asks this Court to extend the case management deadlines in this matter by 60 days. (ECF No. 137, at 11.) Absent from the Defendants' Motion, however, is a showing of good cause for this modification. *See* Fed. R. Civ. P. 16(b)(4). Defendants do not indicate in their Motion the need for extra time to further pursue the depositions of the Doherty Plaintiffs or for any other purpose. The Court therefore **DENIES** the portion of Defendants' Motion seeking an extension of time.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows--

1. The Plaintiff's Motion for Reconsideration at ECF No. 118 is **DENIED.**

2. The Plaintiff's Motion for Reconsideration at ECF No. 124 is **DENIED**.

3. The Defendants' Motion for Sanctions (ECF No. 137) is **GRANTED IN PART AND DENIED IN PART**.

4. Defendant's counsel is **ORDERED** to provide the Doherty Plaintiffs' counsel with his clients' itemized expenses, including attorneys' fees, caused by the Doherty Plaintiffs' failure to comply with this Court's Order compelling their appearance for depositions. Defendants' counsel shall submit these expenses to the Doherty Plaintiffs' counsel within ten business days of this Order. If the Doherty Plaintiffs contest the reasonableness of the expense, they must file

a motion within ten business days of receiving Defendants' itemization, at which time this Court will schedule a hearing to determine the reasonableness of any fee request.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE