**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HAROLD A. CROZIN,**

      **Plaintiff,**                              **Case No. 2:10-cv-581**
                                                  **JUDGE GREGORY L. FROST**
      **v.**                                                **Magistrate Judge Mark R. Abel**

**CROWN APPRAISAL GROUP, Inc., et al.,**

      **Defendants.**


**JOHN DOHERTY, et al.,**

      **Plaintiffs,**                               **Case No. 2:10-cv-764**
                                                 **JUDGE GREGORY L. FROST**
      **v.**                                               **Magistrate Judge Mark R. Abel**

**CROWN APPRAISAL GROUP, Inc., et al.,**

      **Defendants.**

**OPINION AND ORDER**

      This matter is before the Court pursuant to Plaintiffs' motion for reconsideration (ECF No. 146) of the December 28, 2011 order of the Magistrate Judge (ECF No. 139) denying Plaintiffs' motion for leave to file a second amended complaint (ECF No. 130) in Case No. 2:10-cv-764.[1]

      Plaintiffs have requested leave to amend for two purposes: to attach the Private

---

[1] The captioned cases were previously consolidated by Order of this Court. (ECF No. 27 in Case No. 2:10-cv-581; ECF No. 69 in Case No. 2:10-cv-764.) Unless otherwise specified, all docket references in this Opinion and Order are to the docket in Case No. 2:10-cv-764.

Placement Memorandum at issue in this litigation and its supplement as exhibits to the complaint, and to "more clearly state the causes of action that are present in this case" (which Plaintiffs represented they "can now" do after deposing the defendants and reviewing materials produced in discovery).  (ECF No. 130 at 1.)  In the Order of December 28, 2011, the Magistrate Judge denied this request.  He noted that the proposed second amended complaint would add both new factual recitations and new "claims for 'detrimental reliance' and fraudulent misrepresentation, and a claim arising under the 'Uniform Securities Act as it has been adopted in... ten states'." (ECF No. 139 at 2, quoting ECF No. 130-1.)  The requested amendment, he concluded, was unduly delayed, and actual and undue prejudice would accrue to the defendants from granting it.  The Magistrate Judge found specifically:

> Plaintiffs argue that there has been no undue delay, as when they filed the original complaint "there were very few facts known to them."  The most significant addition in the proposed complaint, however, is the claim that Defendants violated securities laws by participating in placing an untrue statement of material fact in the Private Placement Memorandum ("PPM") offered to Plaintiffs to promote the investment.  Plaintiffs cited the PPM and its allegedly incorrect appraisal in their first amended complaint.  (Doc. 14 at 10.)  It is unclear what in this newly pled claim is based upon information which was unavailable to the Plaintiffs at the time, two years prior, that they filed their amended complaint.
>
> In addition, Plaintiffs argue that the defendants would suffer no actual prejudice from amendment, as "discovery has not yet closed, motions for summary judgment are not yet due and the trial date is a long way off."  (Doc. 135 at 4-5.)  They state that there is no surprise to Defendants in bringing a new statutory securities claim, as they were on notice from the language of their original complaint that securities law "would be a controlling factor in this case", and Plaintiffs' counsel sent several letters to Defendants' counsel which contained references to the regulation of securities.  (Doc. 135 at 5.)  If Plaintiffs knew from the outset of this litigation that claims of failure to meet statutory duties "would be a controlling factor in this case", and reiterated this point repeatedly to Defendants, they cannot colorably assert that they have only

2

>now discovered information which would impel them to plead
>such a claim.  Furthermore, the addition of a cause of action
>arising under statutory securities regulation is not a small matter or
>a mere reshuffling of earlier claims already pled as common-law
>torts.  It must necessarily involve a new and particular body of law,
>with new elements and standards at which to aim discovery.  The
>potential prejudice to Defendants, given the already lengthy
>duration of this litigation, is apparent.

(ECF No. 139 at 3-4.)

Plaintiffs argue that the Magistrate Judge's findings are erroneous or contrary to law: "The court's ruling erroneously decided that it is the title of the counts in an amended complaint which will be the controlling factor as to whether the plaintiff is presenting a 'new' cause of action in an amended complaint or simply setting forth alternative relief."  (ECF No. 146 at 2.)  They aver that the Magistrate Judge wrongly suggested that "if a plaintiff inserts a Count in the amended complaint with a title that was not included in the original complaint then the plaintiff is automatically trying to insert a brand new cause of action."  However, "[d]esignation of the legal causes of action arising out of the pleaded facts is not the same as pleading a new cause of action which would prejudice the defendant."  (*Id*.)

Plaintiffs' first amended complaint set forth various "Allegations Common to All Counts."  It then identified various bases upon which they requested the Court grant them relief.  Plaintiffs styled these "Count One: Breach of Contract," "Count Two: Breach of Warranty," "Count Three: Negligence - Malpractice," "Count Four: Negligence - Misrepresentation," and "Count Five: Unfair or Deceptive Acts of Practices."  (ECF No. 14.)  Their proposed second amended complaint would set forth various "Allegations Common to All Counts" and then identify various bases upon which they request the Court grant them relief: "Count One:  Breach of Contract," "Count Two: Breach of Warranty," "Count Three: Detrimental Reliance," "Count

Four: Negligence - Malpractice," "Count Five: Negligent / Fraudulent - Misrepresentation," "Count Six: Uniform Securities Act," and "Count Seven: Unfair or Deceptive Acts or Practices." (ECF No. 130-1.)

The idea of a "count" in a civil complaint is an organizational convention with no actual meaning under the Federal Rules of Civil Procedure. Likewise, a "cause of action" is a largely obsolete concept predating the adoption of notice pleading in the Federal Rules. It originated in the multiplicity of "forms of action" under English common law, in which a prospective litigant's election at the outset of the writ or other remedy he sought had great significance for the procedures under which his suit would progress. However, the adoption of Fed R. Civ. P. 2 abolished all but "one form of action – the civil action."

A complaint in federal court thus in principle consists of a statement of various allegations, and an articulation of at least one cognizable theory under which, if certain allegations were proved true, the plaintiff would be entitled to some relief. A plaintiff need not elect and be bound by a single kind of relief; he may plead "relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

Plaintiffs' protests that the Magistrate Judge wrongly deemed them to be presenting new causes of action are somewhat disingenuous. Their motion to amend the complaint explicitly stated, as quoted above, that its purpose was to "now more clearly state the causes of action that are present in this case." Furthermore, they reiterated that "[t]he primary purposes of the amendment are to make clear the causes of action that the defendant [sic] are pursuing in this case and to present the facts underlying the complaint in a more logical manner." (ECF No. 130 at 2.)

What Plaintiffs seem to be arguing here is that their proposed amendment would simply

4

articulate new theories of recovery arising out of facts already pleaded, and that, as Defendants have long had notice of these, amendment would not be prejudicial:

> The sine quo [sic] non for Count Four of the original complaint and Counts Five and Six of the amended complaint are the same, namely whether there was any net income derived from the power plant and whether the property was worth $54,200,000 as claimed by the defendants. Under the Uniform Securities Act a misrepresentation or omission can be either negligent or intentional and the result is the same. Liability attaches because the statement is inaccurate and it was included in the offering documents. Therefore if the plaintiffs prove that the defendants attribution of $1.9 million in phantom net income was erroneous and or if they prove the property was not worth $54,200,000 as claimed by the defendants then they will have proven the elements of Count Four of the Original complaint. What they would also have proven are the prima facie elements of their claims stated in Count Five or Six of the Amended Complaint.
>
> The Magistrate found that Count Six of the amended complaint stated a new cause of action against the defendants under the Uniform Securities Act of the states in which the plaintiffs reside. The plaintiffs disagree and maintain that it is simply an alternative form of relief sought which arises out of the same set of pleaded facts.

(ECF No. 146 at 5.)

Under Fed. R. Civ. P. 15(a), a court "should freely grant leave to amend when justice so requires." However, justice will not so require where there is "undue delay, bad faith, or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether delay has led to undue prejudice to the opposing party will also influence a court's decision. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

The Court is informed by the decision of its sister court in *In re Keithley Instrs., Inc.*, 599 F. Supp. 2d 908 (N.D. Ohio 2009). The *Keithley* court, in a similar circumstance, denied a requested amendment which would transform a statutory securities case into one arising under common law:

5

> If any instance of a change in tactics or theory constitutes prejudice to the defendant warranting denial of leave to amend, it is this one. For nearly two years, Defendants believed they were defending a federal question case involving claims under the federal securities laws. Plaintiffs' complaint set out these federal claims in exquisite detail, and Defendants dutifully investigated these claims, strategized, and formulated a response. [...]
>
> Yet rather than confine themselves to the order granting leave [to amend], Plaintiffs omitted the federal securities claims entirely, changed the jurisdictional basis for the complaint, and asserted two entirely new causes of action under state law. These causes of action – for common law fraud and conversion – are based upon the exact same set of factual allegations present in earlier iterations of the complaint. Absolutely no legitimate reason exists for having omitted these claims from the three complaints filed prior to this one.

*Id.* at 914-15.

Here, Plaintiffs filed their initial complaint on August 21, 2009. More than two years elapsed before Plaintiffs requested this amendment. Plaintiffs have offered no explanation for why they could not have brought these claims before. Their motion to amend stated that the "original complaint was drafted at a time when the plaintiffs had little or no knowledge as to what the defendants had actually done," and that discovery and depositions had made it possible to "now more clearly state the causes of action that are present in this case." However, their reply in support of amendment stated that the defendants had always been on notice that "the Uniform Securities Act of the states where the plaintiffs purchased the securities would be a controlling factor in this case" and cited to several 2011 letters in which Plaintiffs' counsel specifically advised Defendants that they were or "will be held" liable for violations of the Uniform Securities Act. (ECF No. 135 at 5-7.)

Plaintiffs cannot have it both ways. Either they knew earlier that these were the theories under which they sought to pursue a remedy from Defendants, or they did not. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory

have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  In the motion for reconsideration, Plaintiffs discarded their evanescent theory of facts unavailable before discovery, in favor of an insistence that the factual allegations and underlying claims in the amended complaint were substantially the same as those already pleaded and that they simply wished to identify alternative relief.  This does not explain, however, why Plaintiffs could not have asserted this mere alternative relief long before now, especially where they have shown they repeatedly brought it to Defendants' attention in correspondence.  *Cole v. Sandel Medical Inds., LLC*, 413 F. App'x 683 (5th Cir. 2011) (refusal to permit amendment as belated justified where new claims based on same set of facts as existing); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend where facts known to plaintiff at time of first complaint); *Parker v. Columbus Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend where plaintiff "had all the information necessary" to support new claim at time he filed lawsuit).

As Plaintiffs have not shown any satisfactory explanation for their request to add these claims so late in this litigation, their motion for reconsideration of the Magistrate Judge's order denying leave to amend (ECF No. 146) is **DENIED**.

**IT IS SO ORDERED**.

 /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**