UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


HAROLD A. CROZIN,

    Plaintiff,                               Case No. 2:10-cv-581
                                             JUDGE GREGORY L. FROST
    v.                                      Magistrate Judge Mark R. Abel

CROWN APPRAISAL GROUP, Inc., et al.,

    Defendants.


JOHN DOHERTY, et al.,

    Plaintiffs,                              Case No. 2:10-cv-764
                                             JUDGE GREGORY L. FROST
    v.                                      Magistrate Judge Mark R. Abel

CROWN APPRAISAL GROUP, Inc., et al.,

    Defendants.


**OPINION AND ORDER**

Before the Court is the Defendants' Motion for Reconsideration of Order on Fee Application (ECF No. 224).[1] Defendants Crown Appraisal Group, Inc., Andrew Moye, and Steve Bolton ask this Court to reconsider its Opinion and Order dated April 6, 2012, in which this Court denied the Defendants' application for $39,627.00 in attorneys' fees as a sanction for the Doherty Plaintiffs' violations of discovery orders. (*See* ECF No. 216.)

---

[1] All ECF references in this Opinion and Order are to the docket in Case No. 2:10-cv-764.

On February 6, 2012, this Court ordered the Doherty Plaintiffs under Fed. R. Civ. P. 37(b)(2)(C) to pay the reasonable expenses, including attorneys' fees, caused by the Plaintiffs who failed to comply with this Court's previous Order compelling their appearance for depositions. (ECF No. 169, at 6.) As relevant to the matter presently before the Court, the Order stated:

> Defendant's counsel is **ORDERED** to provide the Doherty Plaintiffs' counsel with his clients' itemized expenses, including attorneys' fees, caused by the Doherty Plaintiffs' failure to comply with this Court's Order compelling their appearance for depositions. Defendants' counsel shall submit these expenses to the Doherty Plaintiffs' counsel within ten business days of this Order. If the Doherty Plaintiffs contest the reasonableness of the expense, they must file a motion within ten business days of receiving Defendants' itemization, at which time this Court will schedule a hearing to determine the reasonableness of any fee request.

(ECF No. 169, at 6-7.)

On the Doherty Plaintiffs' motion, this Court convened a hearing on March 29, 2012. (ECF No. 208.) As noted in its Opinion and Order, the hearing consisted entirely of statements and arguments by counsel. Defendants submitted *no evidence* in the form of sworn testimony, affidavits, or declarations in support of the fee application. Without evidence at the hearing, the Court had no evidentiary basis upon which to award any amount, much less the $39,627.00 requested by Defendants. (Opinion and Order 7-10, ECF No. 216.)

Defendants argue that the Court abused its discretion to award them nothing. (Defs.' Mot. 4, ECF No. 224.) Defendants point to the "mandatory nature" of Fed. R. Civ. P. 37(b)(2)(C), which provides that the court "must order the disobedient party . . . to pay the reasonable expense, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." In light of the "mandatory" language of Rule 37(b)(2)(C), and citing *Local 310 Pension Fund v. Able*

*Contracting Group, Inc.*, No. 1:04-cv-2294, 2007 U.S. Dist. LEXIS 3988, at *19 (N.D. Ohio Jan. 19, 2007) and *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005), Defendants essentially argue that this Court had no choice but to award the $39,627.00 they sought.

The Court is not persuaded by Defendants' "abuse of discretion" argument, as it conflates the distinct issues of imposing sanctions under Rule 37(b)(2)(C) and *proving* the amount to which a party is entitled. This Court abided by Rule 37(b)(2)(C) in its February 6, 2012 Order, when it imposed upon the Doherty Plaintiffs the sanction of being required to pay the Defendants' reasonable expenses incurred in pursuing the depositions for which the Doherty Plaintiffs refused to appear. Defendants direct the Court to no authority for the proposition that Rule 37(b)(2)(C) requires the Court to take the remarkable step of awarding attorneys' fees and expenses to a party that fails to prove them when called upon to do so. Indeed, Defendants' position is inconsistent with the settled proposition that the fee applicant bears the burden of establishing not only its entitlement to an attorney-fee award, but also of documenting the appropriate hours expended and hourly rates, and proving that the requested monetary award is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Graceland Fruit Inc. v. KIC Chems., Inc.*, 320 F. App'x 323, 328 (6th Cir. 2008); *United States v. Ohio*, 474 F. Supp. 2d 916, 920 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)).

Even if Rule 37(b)(2)(C) were somehow implicated by this Court's Opinion and Order, Defendants' argument about the "mandatory nature" of sanctions is fatally undermined by the exception for circumstances making an award "unjust." The Court views that exception to be apt here. It would be unjust to award attorneys' fees and expenses of an amount that Defendants

failed to prove at the hearing. While the Doherty Plaintiffs' conduct led to the Court's decision to impose sanctions in the first place, the Court does not deem the Doherty Plaintiffs to be deserving of the double whammy of paying an amount that Defendants failed to support with competent evidence of any kind.

Moreover, the cases cited by the Defendants do not support their view that this Court abused its discretion. In *Local 310 Pension Fund*, the district court found that a party engaged in sanctionable discovery conduct. Having made that conclusion, the court noted that Rule 37 required it to "address the measure of those sanctions." *Local 310 Pension Fund* at *19. The Court ultimately ordered the non-sanctioned party to submit the proposed amount of attorney's fees, complete with an affidavit and supporting records. *Id.* at *27. Contrary to Defendants' implication, the court in *Local 310 Pension Fund* did not hold that it was an abuse of discretion to deny an application for sanctions when the party seeking them failed to submit evidence documenting the amount it seeks. If anything, *Local 310 Pension Fund* can be read as contemplating the fee applicant's responsibility to prove the amount it seeks as discovery sanctions. *See id.*

*Phillips* is likewise inapposite. In that case, the magistrate judge found a discovery violation and deemed sanctions appropriate under Fed. R. Civ. P. 37(b)(2)(C). The magistrate judge, however, deferred decision on the nature of the sanctions until the trial of the action. *Phillips* at 402. But the case never got to trial, as the magistrate judge later granted summary judgment, leaving the sanctions issue unresolved. *Id.* The Sixth Circuit held that this "was an abuse of discretion under the circumstances." *Id.*

The circumstances in *Phillips* are entirely different than what happened in this case. The

4

failure to award sanctions in *Phillips* was due to the trial court's complete failure to address the amount-of-sanctions issue: despite finding sanctions appropriate, the trial court granted summary judgment without giving the plaintiffs an opportunity to litigate the sanctions issue, resulting in an award of nothing. *Id.* In this case, however, the Court convened a hearing on March 29, 2012, for the sole purpose of determining the appropriate amount of sanctions to award Defendants for the Doherty Plaintiffs' discovery violations. That this Court awarded no attorneys' fees to the Defendants was a product of the Defendants' total failure of proof at the hearing, not the Court's failure to consider the imposition of a sanction when it was required to. The Sixth Circuit's holding in *Phillips* is concerned with the latter circumstance, not the former.

Defendants also argue for reconsideration on the basis that the Doherty Plaintiffs "failed to identify any itemized entry" on Defendants' itemized list of expenses that it was challenging. (Defs.' Mot. 4, ECF No. 224.) But this Court has already rejected this argument because it turns the burden of proof on its head. "It is *not* the opposing party's burden to prove the *unreasonableness* of the fees sought in the fee application." (Opinion and Order 7, ECF No. 216 (citing *LeRoy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990)).

Defendants also argue that evidence at the hearing was unnecessary as a practical matter. Defendants pooh-pooh their failure to submit evidence in the form of testimony, affidavits, and/or authenticated exhibits at the sanctions hearing, saying that such sworn testimony is superfluous because counsel was ethically obligated to be truthful with the Court. (*Id.*) In other words, Defendants say this Court could just take their counsel's word for it. Taken to its logical extreme, Defendants' position would mean that evidence would not be required to prove any fact in a hearing or in support of any motion (or at trial for that matter), provided that an attorney

5

stated it. This, of course, is not true as a matter of substance or procedure. Statements of counsel are not evidence. *See e.g. Tapco Prods. Co. v. Van Mark Prods. Corp.*, 446 F.2d 420, 429 (6th Cir. 1971) ("The unsworn, self-serving statements of counsel are not evidence."); *see also Overlook Mut. Homes, Inc. v. Spencer*, 666 F. Supp. 2d 850, 853 n.3 (S.D. Ohio 2009); *United States v. Carr*, 496 F. Supp. 2d 837, 839 (S.D. Ohio 2005).

Finally, notwithstanding their position that this Court is "elevat[ing] form over substance" (Defs.' Mot. 5, ECF No. 224), Defendants cap their Motion for Reconsideration by trying to do what they should have done at or before the March 29, 2012 fee hearing. Defendants attach a "Declaration" from Attorney John M. Heffernan, purporting to validate the amount and reasonableness of the attorneys' fees sought. The "Declaration" also purports to authenticate the summary of fees previously submitted at the March 29, 2012 hearing and "actual invoices" distributed to Defendants. (*Id.*, Exs. A, A-1, and A-2.)[2]

The Court will not consider the evidence attached to the Defendants' Motion for Reconsideration, as the evidence is nothing other than the Defendants' attempt to submit what they should have submitted previously. The time for submitting evidence was at the March 29, 2012 hearing; Defendants did not do so and the Court sees no valid reason why they should be allowed to make up for their unavoidable mistake. Moreover, the Court notes that it would be unable to properly consider the evidence submitted with the Motion for Reconsideration even if

---

[2]In the body of its Motion for Reconsideration, Defendants refer to Attorney Heffernan's submission as an "affidavit" that "attests to the accuracy of the itemized expenses served on the Doherty Plaintiffs' counsel." (Defs.' Mot. 5, ECF No. 224.) The document is not an "affidavit." In addition to the fact that it purports to be a "Declaration" on its face, the document is neither signed nor sworn before a person authorized to administer oaths. *See* Ohio Rev. Code §§ 2319.02, 2319.04

the Court were inclined to do so. The "Declaration" of Attorney Heffernan, in which he purports to authenticate the fee documents and state facts supporting the fee application, includes neither a signature nor the required language that the Declaration is subscribed under penalty of perjury. *See* 28 U.S.C. § 1746. In light of what the statute commands, the Court does not view these requirements as being unnecessary "form over substance."

Defendants' Motion for Reconsideration (ECF No. 224) is **DENIED**.

**IT IS SO ORDERED**.

                                                        s/ Gregory L. Frost
                                             **GREGORY L. FROST**
                                             **UNITED STATES DISTRICT JUDGE**